| | |
|---|---|
| **DANIEL L. CROWDER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| **KIMBERLY BURRESS, et al.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] under 28 U.S.C. §§ 1915A and 1915(e), Plaintiff's Motion for Appointment of Counsel [Doc. 3], and Plaintiff's Motion for Preliminary Injunction [Doc. 4].

**I.     BACKGROUND**

On February 20, 2024, pro se Plaintiff Daniel L. Crowder filed this action pursuant to 42 U.S.C. § 1983 on behalf of himself and his wife Diane L. Crowder.[1] [Doc. 1]. Plaintiff Daniel Crowder is a prisoner of the State of North Carolina currently incarcerated at the Craggy Correctional Center in Asheville, North Carolina. Diane Crowder is also a prisoner of the State of North Carolina. She is currently incarcerated at the Western Correctional Center for Women in Black Mountain, North Carolina. [Id. at 12]. Plaintiff names the following Defendants, who

---

[1] Because Plaintiff Diane Crowder did not sign the Complaint [see Doc. 1 at 11], the Court will dismiss Diane Crowder as a Plaintiff in this matter and refer to Plaintiff Daniel Crowder as the sole Plaintiff. Federal Rule of Civil Procedure 11(a) requires that pro se parties personally sign all pleadings filed with this Court. Fed. R. Civ. P. 11(a); see Davis v. Aldridge, No. 3:20-cv-00592, 2020 WL 5502306, at *1 (S.D. W.Va. Sept. 11, 2020). See also Ellis v. Werfel, 86 F.4th 1032 (4th Cir. 2023) (holding that the district court erroneously severed a multi-plaintiff pro so prisoner case under 28 U.S.C. § 1915(b)(1) and (2) where the prisoner plaintiffs paid the filing fee and all separately signed the complaint).

Plaintiff alleges are all employed by "N.C. Post Release Supervision,"[2] in their individual and official capacities: (1) Kimberly Burress, Probation/Parole Officer; (2) Bethany Herman, Chief Probation Officer; (3) Gregory Moss, Jr., Parole Commission Member; (4) Graham Atkinson, Parole Commission Member; (5) Haley Phillips, Parole Commission Member; and (6) Darren Jackson, Parole Commission Chair. [Id. at 13-14].

Plaintiff alleges as follows. Plaintiff and his wife Diane Crowder were arrested in June 2016, spent the next seven years "in and out of court…waiting on trial," eventually pleaded guilty, and were sentenced to terms of incarceration of 25 to 42 months.[3] [Doc. 4 at 1]. Plaintiff will be released from the physical custody of the North Carolina Department of Adult Corrections (NCDAC) on May 7, 2024, and Diane Crowder will be released from NCDAC custody on April 7, 2024. [Doc. 1 at 15]. Both will be released subject to twelve-month terms of post-release supervision. [Id.]. Plaintiff and his wife were also sentenced to 75 days in the County Jail, however, for misdemeanors to be served after their release from NCDAC custody. [Doc. 4 at 1]. As such, Diane Crowder will be released from custody on June 20, 2024, and Plaintiff will be released on July 20, 2024. Once released from jail, they will have nine and one half months remaining on post-release supervision. [Id. at 1-2].

All Defendants in this matter have stated that, as a "post release condition," Plaintiff and his wife of 21 years will be unable to live together or have any contact with each other while

---

[2] Plaintiff appears to be referring to the North Carolina Post-Release Supervision & Parole Commission (NCPRS), which is an independent agency responsible for releasing offenders who meet eligibility requirements established under the North Carolina General Statutes.

[3] Although Plaintiff does not allege what crimes he and his wife were convicted of, it seems safe to assume they were co-defendants and/or co-conspirators.

2

on post-release supervision.[4]  [Doc. 1 at 15].  Plaintiff claims these conditions will cause "undue emotional distress" and "make it hard for them to be successful while on post release."  [Id.].

Plaintiff claims that the post-release supervision term prohibiting him from contacting and living with his wife "would be an ongoing violation of Federal Law" and violate his due process rights under the Fourteenth Amendment.  [Id. at 15].  For injuries, Plaintiff claims to have suffered "emotional stress, depression and anxiety."  [Id.].  Plaintiff seeks monetary damages and injunctive relief ordering that Plaintiff and his wife not be found in violation of their post-release supervision terms "if they live together as husband and wife" and that they not be retaliated against during their supervised release.  [Id. at 21].  Plaintiff also moves separately for the same injunctive relief.  [Doc. 4].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

---

[4] Plaintiff alleges having grieved the relevant post-release terms through the NCDAC grievance procedure and reports, not surprisingly, that he was informed that the NCDAC is "not responsible to contact parole [or] make alternative living arrangements.  [Doc. 1 at 7].  Plaintiff also alleges that he was instructed to "grieve/appeal" the terms of his post-release supervision with the NCPRS and that he mailed a letter appealing these conditions to the NCPRS office in Raleigh on January 29, 2024.  [Id. at 20].  Given that Plaintiff mailed his Complaint on or around February 14, 2024, it appears he filed the Complaint in this matter before exhausting remedies available through the NCPRS.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. __, 143 S.Ct. 1444 (2023). Plaintiff asserts that his Fourteenth Amendment due process rights would be violated by the terms of his state post-release supervision.

While there may be some basis for Plaintiff's claim for prospective injunctive relief under Ex parte Young, 209 U.S. 123, 28 S.Ct. 441 (1908),[5] should his due process rights be violated, the Court lacks subject matter jurisdiction to hear this case now because Plaintiff "has not yet suffered injury" and the matter in controversy is not final and remains dependent on "future uncertainties." See Doe v. Virginia Dept. of State Police, 713 F.3d 745, 758 (4th Cir. 2013) (quoting Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006)). Here, Plaintiff alleges that the imposition of the post-

---

[5] See Brown v. Maher, 597 F.Supp.3d 541 (2022) (granting preliminary injunctive relief in § 1983 due process action brought by sex offender parolee against parole officers where the officers refused, after his release from custody, to give parolee permission to cohabitate with his future wife and her three children based on a special condition of his parole prohibiting him from contacting any person under the age of 18 years for 10 years after his release).

4

release condition prohibiting him from cohabitating with his wife "would be an ongoing violation" of federal law and the due process clause. Plaintiff and his wife remain incarcerated until July and June 2024, respectively, and he has not been deemed in violation of the terms of his parole. Moreover, Plaintiff alleges that he has appealed the subject post-release conditions to the NCPRS, but he apparently filed the instant Complaint before exhausting that process. See Singh v. University of North Carolina at Chapel Hill, 659 F.Supp.3d 659, 675 (M.D.N.C. Mar. 2, 2023) (holding physician plaintiff's due process claim based on defendants' revocation of his clinical privileges not ripe where such privileges were immediately but not permanently revoked and plaintiff's administrative appeal remained pending and plaintiff could not demonstrate an "injury-in-fact when the complained of injury – permanent revocation of clinical privileges – has not occurred"); Doe, 713 F.3d at 758-59 (noting that a matter is not ripe "as the subject of decision in a federal court … [w]here an injury is contingent upon a decision to be made by a third party that has not yet acted").

The Court also notes that, to the extent Plaintiff's Complaint is based on terms of post-release supervision entered as part of a state court judgment, this Court lacks authority under 42 U.S.C. § 1983 to order a state court to modify the terms of a criminal judgment. In this regard, if Plaintiff wishes to have his post-release terms of supervision modified, he must seek such relief in his state criminal proceeding and fully exhaust all available state court remedies. Challenge to the constitutionality of his criminal judgment may then be cognizable in this Court under 28 U.S.C. § 2254. See Nunn v. N.C. Legislation, No. 5:14-CT-3190-FL, 2015 WL 1713885, at*4 (E.D.N.C. Apr. 15, 2015) (finding that 28 U.S.C. § 2254 is the exclusive remedy for a plaintiff challenging a nine-month term of post-release supervision first imposed in an amended criminal judgment). See also Watson v. Daniels, No. 1:18CV451, 2018 WL 6728041 (M.D.N.C. Dec. 21, 2018) ("To meet

5

the jurisdictional 'in custody' requirement, a petitioner need not remain in actual physical custody of state authorities, as well-settled law holds that an ongoing term of probation or parole constitutes a sufficient restraint on a petitioner's liberty to allow the petitioner to challenge a state sentence under Section 2254.") (citing Jones v. Cunningham, 371 U.S. 236, 242 (1963)).

Moreover, if the post-release conditions Plaintiff challenges are ordered in the state court judgment, Plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, a judgment in Plaintiff's favor would imply the invalidity of the sentence imposed in Plaintiff's underlying criminal matter if such judgment includes the challenged conditions of his post-release supervision. Plaintiff's Complaint, therefore, may also barred by Heck.

## IV. CONCLUSION

For these reasons, the Court will dismiss Plaintiff's Complaint on initial review and deny Plaintiff's motions for injunctive relief and for appointment of counsel, all without prejudice, in accordance with the terms of this Order.

The Court will, however, allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses and if the facts support such amendment. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED** without prejudice as set forth in this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Diane Crowder is **DISMISSED** as a Plaintiff in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [Doc. 3] and Plaintiff's Motion for Preliminary Injunction [Doc. 4] are **DENIED** without prejudice in accordance with the terms of this Order.

The Clerk is respectfully instructed to mail Plaintiff a blank Section 1983 form.

**IT IS SO ORDERED.**

Signed: March 5, 2024

Kenneth D. Bell
United States District Judge